CARL P. WARRING
1116 W Riverside, Suite 100
Spokane, WA 99201
(509) 456-3123

Honorable Rosanna M. Peterson

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| JOHN J. CRUZ, | NO. 2:20-cv-00250-RMP |
| Plaintiff, | |
| v. | DEFENDANTS' MOTION AND MEMORANDUM FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S STATE LAW CLAIMS |
| FERRY COUNTY; the CITY OF REPUBLIC, a municipal corporation; the CITY OF SPOKANE, a municipal corporation; the WASHINGTON STATE CRIMINAL JUSTICE TRAINING COMMISSION, a state commission; RAY MAYCUMBER, Ferry County Sheriff; AMY ROOKER, Ferry County Chief Civil Deputy; AUSTIN HERSHAW, Police Officer at the Black Diamond Police Department; PATRICK RAINER, Detective at the Ferry County Sheriffs Office; RICK BOWEN, Commander of the Washington State Criminal Justice Training Commission Basic Law Enforcement Academy; JOHN EVERLY, Police Officer at the Spokane Police Department and Assistant Commander of the Washington State Criminal Justice Training Commission Basic Law Enforcement Academy; ART DOLLARD, Police Officer at the Spokane Police Department and | 9/3/2021 Without Oral Argument |

DEFENDANTS' MOTION AND MEMORANDUM FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S STATE LAW CLAIMS

1

TAC Officer at the Washington State Criminal Justice Training Commission Basic Law Enforcement Academy; JAKE JENSEN, Police Officer at the Spokane Police Department and TAC Officer at the Washington State Criminal Justice Training Commission Basic Law Enforcement Academy; TODD BELITZ, Police Officer at the Spokane Police Department and TAC Officer at the Washington State Criminal Justice Training Commission Basic Law Enforcement Academy; and SUE RAHR, Executive Director of the Washington State Criminal Justice Training Commission,

Defendants.

## I.     MOTION

Pursuant to Fed. R. Civ. P. 56, the Defendants Washington State Criminal Justice Training Commission, City of Spokane, Sue Rahr, Rick Bowen, John Everly, Art Dollard, Jake Jensen, & Todd Belitz move the Court for an order granting them summary judgment on Plaintiff's state law claims. The motion is based on RCW 43.101.390, which grants the Commission and its agents immunity from civil actions. Accordingly, this Court should dismiss Cruz's state law claims against the moving Defendants.

## II.     MEMORANDUM

### A.     Facts

The following facts, which are taken from Plaintiff John Cruz's verified

DEFENDANTS' MOTION AND MEMORANDUM FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S STATE LAW CLAIMS

2

ATTORNEY GENERAL OF WASHINGTON
West 1116 Riverside Avenue
Spokane, WA 99201-1194
(509) 456-3123

complaint, are undisputed:

- Cruz began his training at the Criminal Justice Training Commission's Basic Law Enforcement Academy in February 2017, ECF No. 2-6 at 31;

- Cruz was dismissed from the Basic Law Enforcement Academy in May 2017, ECF No. 2-6 at 36;

- Cruz appealed his dismissal from the Basic Law Enforcement Academy in June 2017, ECF No. 2-6 at 38;

- The Executive Director of the Criminal Justice Training Commission upheld Cruz's dismissal from the Basic Law Enforcement Academy in June 2017, ECF No. 2-6 at 38;

- In relevant part, Cruz names the Washington State Criminal Justice Training Commission, the City of Spokane, Sue Rahr, Rick Bowen, John Everly, Art Dollard, Jake Jensen and Todd Belitz as defendants in this action, ECF No. 2-6 at 29-30;

- In relevant part, Cruz's lawsuit alleges 8 different state law claims, ECF No. 2-6 at 39-56; and

- The factual allegations supporting Cruz's state law claims against the defendants Washington State Criminal Justice Training Commission, the City of Spokane, Sue Rahr, Rick Bowen, John Everly, Art Dollard, Jake Jensen and Todd Belitz arise from Cruz's participation in and dismissal from the Basic Law Enforcement Academy, ECF no. 2-6 at 30-39.

DEFENDANTS' MOTION AND
MEMORANDUM FOR
PARTIAL SUMMARY
JUDGMENT ON PLAINTIFF'S
STATE LAW CLAIMS

3

**B.    Standard For Granting Summary Judgment**

A party is entitled to summary judgment when the "pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine material issue of fact and that the moving party is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c). Said another way, summary judgment is proper ". . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Lujan v. National Wildlife Federation,* 497 U.S. 871, 884 (1990). The moving party has the initial burden of showing which material facts lack a genuine issue; the nonmoving party must then identify specific facts where there exists a genuine issue of material fact. *T.W. Elec. Serv., Inc., v. Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 630 (9th Cir. 1987). A nonmoving party "may not rely on the *mere allegations* in the pleadings in order to preclude summary judgment." *Id.* (emphasis added). Instead, they "must produce at least some *significant probative evidence* tending to support the complaint." *Id.* (emphasis added).

**C.    Argument**

**1.    RCW 43.101.390 Bars Cruz's State Law Claims Against The Commission And Its Agents**

RCW 43.101.390 makes the Commission and its agents immune from civil

DEFENDANTS' MOTION AND
MEMORANDUM FOR
PARTIAL SUMMARY
JUDGMENT ON PLAINTIFF'S
STATE LAW CLAIMS

4

lawsuits based upon state law.[1]  In its current form,[2] RCW 43.101.390 provides,

> The commission, its boards, and individuals acting on behalf of the commission and its boards are immune from suit in any civil or criminal action contesting or based upon proceedings or other official acts performed in the course of their duties in the administration and enforcement of this chapter.

RCW 43.101.390.  This immunity extends to claims brought against the commission by law enforcement trainees participating in the Basic Law

---

[1] Defendants recognize that statutory immunity afforded by a state statute cannot defeat claims brought under 42 U.S.C. § 1983.  *Wallis v. Spencer*, 202 F.3d 1126, 1144 (9th Cir. 2000).  Accordingly, RCW 43.101.390 does not operate to bar Cruz's substantive due process or procedural due process claims brought pursuant to 42 U.S.C. § 1983.  But, these are the only two claims that can survive the moving Defendants' present motion.

[2] The Legislature amended RCW 43.101.390 in 2021 to read as follows:

(1) The commission and individuals acting on behalf of the commission are immune from suit in any civil or criminal action contesting or based upon proceedings or other official acts performed in the course of their duties in the administration and enforcement of this chapter.
(2) Without limiting the generality of the foregoing, the commission and individuals acting on behalf of the commission are immune from suit in any civil action based on the certification, denial of certification, suspension, or other action regarding decertification of peace officers, reserve officers, or corrections officers.

RCW 43.101.390.  The amendment becomes effective July 25, 2021.  2021 Wash. Legis. Serv. Ch. 323 (S.S.S.B. 5051).

DEFENDANTS' MOTION AND
MEMORANDUM FOR
PARTIAL SUMMARY
JUDGMENT ON PLAINTIFF'S
STATE LAW CLAIMS

5

ATTORNEY GENERAL OF WASHINGTON
West 1116 Riverside Avenue
Spokane, WA 99201-1194
(509) 456-3123

Enforcement Academy, as illustrated by *Ent v. Washington State Criminal Justice Training Comm'n*, 174 Wash. App. 615, 301 P.3d 468 (2013).

In *Ent*, the plaintiff was a cadet (trainee) at the Commission's Basic Law Enforcement Academy. *Ent*, 174 Wash. App. at 617. The plaintiff in *Ent*, as part of the commencement ceremony, was required to attend inspection and graduation ceremony. *Id.* After standing motionless in formation for an hour, and after two other classmates had fainted, the plaintiff fainted, injuring his head. *Id.*

The plaintiff sued the Commission for his injuries. *Id.* He alleged that the Commission breached its duty of reasonable care given the conditions of the graduation ceremony. *Id.* The Commission moved for a judgment on the pleadings based upon the immunity provided in RCW 43.101.390. *Id.* at 618. After the trial court granted the CR 12(c) motion, the plaintiff appealed. *Id.* On appeal, the appellate court found that RCW 43.101.390's immunity applied to cadet training and upheld the dismissal of the plaintiff's case. *Id.* at 619. Importantly, the appellate court observed:

> Whether or not we agree with broad immunity for the CJTC as a matter of public policy is irrelevant. The State has authority to determine whether it will be immune from liability for its acts. Const. art. II, § 26. Therefore, any challenge to the wisdom of such broad immunity is an issue to be taken to the legislature.

*Id.* (internal citations omitted).

DEFENDANTS' MOTION AND MEMORANDUM FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S STATE LAW CLAIMS

6

Here there is no factual dispute that Cruz's state law claims against the Defendants who are bringing this motion arise from Cruz's participation in, and dismissal from, the Commission's Basic Law Enforcement Academy. As a matter of law, RCW 43.101.390 affords each of these Defendants immunity from Cruz's state law claims. Accordingly, Cruz's state law claims against these Defendants must be dismissed with prejudice.

**D.    Conclusion**

For the reasons discussed above, the Court should grant the Defendants' motion for summary judgment and dismiss (with prejudice) Cruz's state law claims brought against the moving Defendants.

DATED this 13th day of July, 2021.

ROBERT W. FERGUSON
Attorney General


  s/Carl P. Warring
CARL P WARRING, WSBA No. 27164
Assistant Attorney General
Attorney for Defendants Washington State
Criminal Justice Training Commission,
City of Spokane, Sue Rahr, Rick Bowen,
John Everly, Art Dollard, Jake Jensen, &
Todd Belitz
1116 W Riverside, Suite 100
Spokane, WA 99201
(509) 456-3123
carl.warring@atg.wa.gov

DEFENDANTS' MOTION AND
MEMORANDUM FOR
PARTIAL SUMMARY
JUDGMENT ON PLAINTIFF'S
STATE LAW CLAIMS

7

**PROOF OF SERVICE**

I certify that I electronically filed this document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Allison R. Foreman | allison@fhbzlaw.com |
| Nathan J. Arnold | nathan@cajlawyers.com |
| Michael McFarland, Jr. | mmcfarland@ecl-law.com |
| Jerry Moberg | jmoberg@mrklawgroup.com |
| Mary Rathbone | mrathbone@mrklawgroup.com |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this 13th day of July, 2021, at Spokane, Washington.

ROBERT W. FERGUSON
Attorney General


s/Carl P. Warring
CARL P WARRING, WSBA No. 27164
Assistant Attorney General
Attorney for Defendants Washington State
Criminal Justice Training Commission,
City of Spokane, Sue Rahr, Rick Bowen,
John Everly, Art Dollard, Jake Jensen, &
Todd Belitz
1116 W Riverside, Suite 100
Spokane, WA 99201
(509) 456-3123
carl.warring@atg.wa.gov

DEFENDANTS' MOTION AND
MEMORANDUM FOR
PARTIAL SUMMARY
JUDGMENT ON PLAINTIFF'S
STATE LAW CLAIMS

8