FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 08, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN J. CRUZ,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>FERRY COUNTY; CITY OF REPUBLIC, a municipal corporation; CITY OF SPOKANE, a municipal corporation; WASHINGTON STATE CRIMINAL JUSTICE TRAINING COMMISSION, a state commission; RAY MAYCUMBER, Ferry County Sheriff; AMY ROOKER, Ferry County Chief Civil Deputy; AUSTIN HERSHAW, Police Officer at the Black Diamond Police Department; PATRICK RAINER, Detective at the Ferry County Sheriff's Office; RICK BOWEN Commander of the Washington State Criminal Justice Training Commission Basic Law Enforcement Academy; JOHN EVERLY, Police Officer at the Spokane Police Department and Assistant Commander of the Washington State Criminal Justice Training Commission Basic Law Enforcement Academy; ART | NO:  2:20-CV-250-RMP<br><br>ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT |

ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY
JUDGMENT ~ 1

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12 | DOLLARD, Police Officer at the Spokane Police Department and TAC Officer at the Washington State Criminal Justice Training Commission Basic Law Enforcement Academy; JAKE JENSEN, Police Officer at the Spokane Police Department and TAC Officer at the Washington State Criminal Justice Training Commission Basic Law Enforcement Academy; TODD BELITZ, Police Officer at the Spokane Police Department and TAC Officer at the Washington State Criminal Justice Training Commission Basic Law Enforcement Academy; and SUE RAHR, Executive Director of the Washington State Criminal Justice Training Commission,<br><br>                                   Defendants. |

BEFORE THE COURT, without oral argument, is a Motion for Partial Summary Judgment, ECF No. 21, by Defendants Washington State Criminal Justice Commission ("Commission"), City of Spokane, Sue Rahr, Rick Bowen, John Everly, Art Dollard, Jake Jensen, and Todd Belitz (collectively "Defendants"). The Court has reviewed the parties' submissions with respect to the motion, the remaining record, the relevant law, and is fully informed. *See* ECF Nos. 21; 22; 29–32.

/ / /

/ / /

ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 2

# EVIDENTIARY OBJECTIONS

As an initial matter, the Court must determine the appropriate scope of the evidentiary record at summary judgment. Therefore, the Court preliminarily considers Plaintiff's failure to file a statement of disputed material facts and Defendants' objection to Plaintiff's proffered exhibit as unauthenticated hearsay.

***Statement of Disputed Material Facts***

Plaintiff refutes Defendants' factual allegations, but Plaintiff's response to the present motion did not include a statement of disputed material facts to address which material facts preclude summary judgment, as is required by Local Civil Rule 56(c)(1)(B). A party must support an assertion that a fact is genuinely disputed by "citing to particular parts of materials in the record," including depositions, documents, and affidavits or declarations. Fed. R. Civ. P. 56(c)(1). Where a party fails to properly address another party's assertion of fact as required by Rule 56(c), the court may, among other things, "give an opportunity to properly support or address the fact" or "consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(1)–(2); *see also* L. Civ. R. 56(e) ("The Court may consider a fact undisputed and admitted unless controverted by the procedures set forth in L. Civ. R. 56(c).").

However, the assumption of Defendants' undisputed facts does not automatically entitle Defendants to summary judgment. *See, e.g.*, *Hamilton v. Keystone Tankship Corp.*, 539 F.2d 684, 686 (9th Cir. 1976) (reversing summary

judgment for the moving party, despite absence of opposition or statements of genuine issues of fact by the opponent, because "the movant's papers on their face are clearly insufficient to support a motion for summary judgment").

***Authentication and Hearsay***

Separately, Defendants object to consideration of Exhibit A to Plaintiff's Declaration in support of his response opposing the present motion, ECF No. 31-1. Defendants argue that the document is unauthenticated hearsay and contains inadmissible opinions by a lay witness. ECF No. 32 at 3–4 n.2.

At summary judgment, the Court is concerned with whether "the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). The Court focuses on the admissibility of the evidence's contents rather than its form. *Fraser v. Goodale*, 342 F.3d 1032, 1037 (9th Cir. 2003). Therefore, a party need not "produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rule[] of Civil Procedure 56." *Block v. City of Los Angeles*, 253 F.3d 410, 419 (9th Cir. 2001). Evidentiary objections for authentication and hearsay may be overruled when the evidence could be presented in an admissible form at trial. *See Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 964 n.7 (9th Cir. 2011) ("Rule 56 is precisely worded to exclude evidence only if it's clear that it cannot be presented in an admissible form at trial."); *see also Lawrence v. City & Cty. of San Francisco*, 258 F. Supp. 3d 977, 986 (N.D. Cal.

2017) (overruling hearsay and authentication challenges to police reports where their contents could be made admissible through direct testimony).

Exhibit A appears to include emails between City of Republic Police Chief Loren Culp and certain defendants in this matter. ECF No. 31-1 at 2–8. Plaintiff notes he was included on the email string dated June 29, 2017, which attached all of Chief Culp's "information, notes and emails" regarding Plaintiff's "file." *Id.* at 3. Plaintiff declares the documents are true and correct copies of the email he received and Chief Culp's report. ECF No. 31 at 5.

The Court overrules Defendants' objection to Exhibit A because it could be admissible at trial after proper authentication. To the extent the document contains hearsay, the Court finds that their contents could be elicited through direct testimony at trial. *See, e.g.*, *Fraser*, 342 F.3d at 1037 (noting the author of a diary could "testify to all the relevant portions of the diary from her personal knowledge"). Furthermore, and as will be discussed below, the Court finds that Defendants have failed to show they are entitled to partial summary judgment as a matter of law regardless of the Court's consideration of Chief Culp's emails and report.

Having disposed of Defendants' procedural objections, the Court finds that the facts provided in Defendants' Statement of Material Facts and the evidentiary record put forth by the parties will serve as the factual record for purposes of this motion.

# BACKGROUND

The following facts are derived from Defendants' Statement of Material Facts, ECF No. 22, and Plaintiff's Verified Complaint, ECF No.31-2, unless otherwise noted. As indicated above, the Court will treat Defendants' Statement of Material Facts as undisputed. To the extent Defendants dispute facts raised in Plaintiff's Verified Complaint, the Court views those facts in the light most favorable to Plaintiff. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

Plaintiff John J. Cruz began working as a police officer for the City of Republic in September 2016. ECF No. 31-2 at 4. Mr. Cruz is Hispanic and alleges that he was frequently subjected to racist comments by both colleagues and supervisors, including Deputy Austin Hershaw. *Id.* at 4–5. At some point before January 2017, Mr. Cruz reported Deputy Hershaw for sexual misconduct while on duty. *Id.* at 5. Afterwards, Mr. Cruz alleges Deputy Hershaw was furious with him. *Id.* Mr. Cruz later enrolled in the Commission's Basic Law Enforcement Academy ("Academy") in Spokane, which Deputy Hershaw already had completed. *Id.*

In January 2017, Deputy Hershaw returned to the Academy to pick up targets for a firearms training. *Id.* at 6. While there, he allegedly complained to Assistant Commander John Everly and Officer Art Dollard about Mr. Cruz's "false allegations" against him. *Id.* Mr. Cruz claims that Deputy Hershaw also requested that Assistant Commander Everly and Officer Dollard treat Mr. Cruz harshly during his time at the Academy. *Id.*

ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 6

1      In February 2017, Plaintiff started classes at the Academy, where he alleges
2 that he was consistently "singled out for harsh treatment," particularly by Officer
3 Dollard and Assistant Commander Everly. *Id.* Specifically, Plaintiff argues that he
4 was falsely accused of lying on multiple occasions, assaulted with pepper spray
5 more harshly than other trainees, and generally berated and cited for rule violations
6 when other similarly situated trainees were not. ECF Nos. 31-2 at 6–11; 29 at 4–5.

7      A few weeks into training, Plaintiff asserts that he received permission to have
8 his daughter and his girlfriend occasionally stay with him as overnight guests. ECF
9 No. 31-2 at 9–10. Several months later, and just three weeks before Plaintiff's
10 graduation from the Academy, Assistant Commander Everly and Commander Rick
11 Bowen questioned Plaintiff about the overnight stays. *Id.* at 10. Plaintiff told the
12 officers he had received prior approval to have overnight guests, but Assistant
13 Commander Everly determined that Plaintiff was lying. *Id.* at 10–11. On this basis,
14 Plaintiff was dismissed from the Academy for violating its integrity policy. ECF
15 Nos. 31-2 at 11. His dismissal occurred in May 2017. ECF No. 22 at 2–3.

16      Plaintiff appealed his dismissal, which the Commission's Executive Director,
17 Sue Rahr, upheld in June 2017. ECF Nos. 22 at 3; 31-2 at 13. Following Executive
18 Director Rahr's decision, Mayor Koontz immediately terminated Plaintiff from the
19 City of Republic Police Department. ECF No. 31-2 at 13. Plaintiff asserts that his
20 dismissal was a "mystery" to him until he received emails and a report detailing
21

ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY
JUDGMENT ~ 7

Chief Culp's private investigation into the matter. ECF No. 31 at 5; *see also* ECF No. 31-1 at 2–14.

Mr. Cruz originally filed a Complaint in King County Superior Court alleging the following six state law claims and two federal law claims against Defendants: (1) wrongful discharge in violation of public policy; (2) wrongful termination in violation of public policy, RCW 42.41.010; (3) violation of the Washington Law Against Discrimination ("WLAD") regarding retaliation against a whistleblower, RCW 49.60.210; (4) intentional infliction of emotional distress; (5) intentional interference with a business relationship; (6) violation of WLAD based on racial discrimination, RCW 49.60.180; (7) violation of substantive due process, 42 U.S.C. § 1983; and (8) violation of procedural due process, 42 U.S.C. § 1983;. ECF No. 31-2 at 14–31.[1]

For the above state law claims, Plaintiff asserts claim (1) against Executive Director Rahr; claims (1), (5), and (6) against Commander Bowen; claims (2)–(6) against Officers Dollard, Jensen, and Belitz; and all six state law claims against Assistant Commander Everly. *Id.* at 14–33. He also requests that the actions of Executive Director Rahr and Commander Bowen be imputed to their employer, the

---

[1] Plaintiff asserted the same claims as well claims for defamation and a separate violation of WLAD for racial discrimination against defendants not included in the present motion. ECF No. 31-2 at 14–33.

ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 8

Commission, and that the actions of the remaining defendants be imputed to their employer, City of Spokane. *Id.* at 33.

Defendants removed the matter to federal district court based on federal question jurisdiction. ECF No. 1; 28 U.S.C. §1331. Civil proceedings initiated in state court may be removed by defendants, "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).[2] Accordingly, this Court has jurisdiction over this matter because Mr. Cruz raises a federal question by alleging violation of both his procedural and substantive due process rights under 42 U.S.C. § 1983. This Court also has supplemental jurisdiction over Mr. Cruz's state law claims pursuant to 28 U.S.C. § 1367. A jury trial is set for May 2022 and discovery is scheduled to be completed by November 29, 2021. ECF No. 19 at 2, 5.

## LEGAL STANDARD

Summary judgment is appropriate where the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Only disputes over facts that might affect the outcome of the

---

[2] Defendants originally removed this case to the Western District of Washington, but later moved to change venue. ECF No. 4. The court granted their motion and ordered the case be transferred to this Court. ECF No. 13.

ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 9

1  suit will preclude the entry of summary judgment, and the disputed evidence must be

2  "such that a reasonable jury could return a verdict for the nonmoving party."

3  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

4      The moving party "bears the initial responsibility of informing the district

5  court of the basis for its motion and identifying those portions of [the record] which

6  it believes demonstrate the absence of a genuine issue of material fact."  *Celotex*

7  *Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Parties opposing summary judgment

8  must cite to "particular parts of materials in the record" establishing a genuine

9  dispute.  Fed. R. Civ. P. 56(c)(1); *accord T.W. Elec. Serv., Inc., v. Pacific Elec.*

10 *Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

## DISCUSSION

12     Defendants argue that they are statutorily immune from civil suit regarding

13 Plaintiff's state law claims.  *See* ECF No. 21 at 2 (citing Wash. Rev. Code "RCW"

14 43.101.390).[3]  The statute at issue immunizes the Commission and individuals

15 acting on its behalf "in any civil or criminal action contesting or based upon

16 proceedings or other official acts performed in the course of their duties in the

---

[3] Defendants concede that the statutory immunity purportedly afforded to them by RCW 43.101.390 does not extend to claims brought under 42 U.S.C. § 1983.  ECF No. 21 at 5 n.1 (citing *Wallis v. Spencer*, 202 F.3d 1126, 1144 (9th Cir. 2000)).

ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 10

administration and enforcement of this chapter." RCW 43.101.390(1).[4] The immunity provision is part of a broader statutory scheme regarding the Criminal Justice Training Commission's education and training standards. Chapter 43.101 RCW. In 1974, the Washington State Legislature created the Commission to govern the oversight and accountability of peace officers and corrections officers. *See* RCW 43.101.020. The immunity provision was added to the chapter in 2001 along with several other provisions related to the certification of officers. *See* H.B. 1062, 57th Leg., 2001 Reg. Sess. (Wash. 2001) (effective Jan. 1, 2002). Defendants contend that this statutory immunity extends to civil suits brought under state law by law enforcement trainees participating in the Commission's training academy. ECF No. 21 at 5–6 (citing *Ent v. Washington State Criminal Justice Training Comm'n*, 174 Wash. App. 615, 301 P.3d 468 (Wash. Ct. App. 2013)).

The *Ent* Court is the only state court decision that has applied RCW 43.101.390 to bar a party's civil suit against the Commission. There, a student police officer at the Commission's training academy in Burien was forced to stand for over an hour at an inspection and graduation ceremony, causing him to faint and strike his head on the floor. *Ent*, 174 Wash. App. at 617. He sustained significant head injuries due to the fall and sued the Commission for negligence. *Id.* The trial

---

[4] The Court cites to the current version of the statute which became effect July 25, 2021.

ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 11

court granted the Commission's motion for judgment on the pleadings, citing the statutory immunity provision under RCW 43.101.390. *Id.* at 618. On appeal, the plaintiff argued that the statute should be interpreted as providing immunity solely for the Commission's certification and decertification of peace officers. *Id.* at 618–19. The appellate court rejected the plaintiff's argument, ruling that "[i]mmunity unambiguously applies to chapter 43.101 RCW in its entirety." *Id.* at 619.[5]

Turning to the Commission's actions, the court considered whether the events at issue fell within the purview of the immunity statute. The court determined that the legislature granted the Commission "broad authority to develop and implement curriculum necessary for its training programs." *Id.* at 622 (citing RCW 43.101.080(8)–(13)). As a result, the *Ent* Court gave deference to the Commission's discretionary decisions for its graduation ceremonies and concluded that the

---

[5] The *Ent* Court's interpretation of former RCW 43.101.390 appears to be consistent with the current version of the statute, which added a new subsection to the statute's already-broad grant of immunity:

> (2) Without limiting the generality of the foregoing, the commission and individuals acting on behalf of the commission are immune from suit in any civil action based on the certification, denial of certification, suspension, or other action regarding decertification of peace officers, reserve officers, or corrections officers.

RCW 43.101.390(2).

ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 12

inspection and ceremony were within the scope of the Commission's immunized activity. *Id.*

In line with *Ent*, Defendants argue they are entitled to statutory immunity because Mr. Cruz's state law claims "arise from [his] participation in, and dismissal from, the Commission's [Academy]." ECF No. 21 at 7. Plaintiff contends that the statute grants immunity only for "official acts performed in the course of [Defendants'] duties" and that it does not apply to racially discriminatory or retaliatory conduct. ECF No. 29 at 3 (internal quotation marks omitted).

Plaintiff also moves for an opportunity to conduct discovery in this case pursuant to Federal Rule of Civil Procedure 56(d), indicating that he would seek discovery to ascertain the extent to which Defendants departed from training or disciplinary protocols, "their treatment of similarly-situated trainees, . . . and the terms of individual Defendants' dual employment by the Academy and the City of Spokane." ECF Nos. 29 at 10; 30 at 3. Defendants counter that additional discovery is unnecessary because their motives "do not affect the operation of RCW 43.101.390 as a matter of law." ECF No. 32 at 7–8 n. 4. Therefore, the Court first considers whether a genuine issue of material fact exists regarding the applicability of the immunity statute to this case.

Plaintiff raises several significant distinctions from the facts in *Ent* to those raised in this case. First, the scope of the immunized activity in *Ent* was partially premised on the deferential policy decisions owed to the Commission in overseeing

ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 13

inspection and graduation ceremonies. 174 Wash. App. at 622. Here, in contrast, Defendants broadly assert that the conduct at issue involved "official acts" of Defendants "as part of the administration" of Academy training regardless of the ulterior motives behind the acts. ECF No. 32 at 5. But Defendants do not cite to any of the Academy or Commission protocols to support the assertion that their conduct involved "official acts performed in the course of their duties." RCW 43.101.390(1).

A second distinction from *Ent* concerns the parties involved. The plaintiff in *Ent* sued only the Commission, but Mr. Cruz asserts claims against the Commission, Executive Director Rahr, Commander Bowen, and individual officers employed by the City of Spokane, as well as other non-moving defendants. In reviewing the evidentiary record, a material question of fact remains as to whether individual defendants were acting "on behalf of the Commission" or on their own personal animus throughout Plaintiff's training and ultimate dismissal from the Academy. RCW 43.101.390(1). Relatedly, Defendants leave completely unaddressed how an immunity statute for the Commission and individuals acting on its behalf extends to Defendant City of Spokane.

Turning to the request for additional discovery under Rule 56(d), a party must show that "'(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment.'" *Midbrook Flowerbulbs Holland B.V.*

ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 14

1   *Holland Am. Bulb Farms, Inc.*, 874 F.3d 604, 619–20 (9th Cir. 2017) (quoting

2   *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827

3   (9th Cir. 2008)).  A continuance to conduct discovery is warranted only where the

4   movant has diligently pursued prior discovery opportunities.  *Big Lagoon Rancheria*

5   *v. California*, 789 F.3d 947, 955 (9th Cir. 2015) (en banc).  Here, Plaintiff's counsel

6   submitted a declaration stating that more time is needed before the discovery cutoff

7   to examine Defendants' motives "for their departures from normal training

8   procedure" as well as their prior communications with non-moving Defendants

9   Deputy Hershaw and Detective Rainer.  ECF No. 30 at 3.

10         The Court recognizes that discovery has not yet closed in this case.  As

11  discussed above, the "official acts" and "duties" of Defendants related to Plaintiff's

12  participation in the Academy is relatively fact-intensive, and the parties have yet to

13  conduct written discovery and depositions.  Moreover, Defendants' citation to one

14  case applying the immunity statute in a negligence suit does not illustrate they are

15  automatically entitled to immunity here.  Nor do Defendants assert that Plaintiff

16  failed to diligently pursue discovery.

17         At this stage, a material issue of fact as to the applicability of RCW

18  49.101.390 to Defendants' alleged misconduct precludes partial summary judgment

19  in this case.  Specifically, Defendants fail to show that they are automatically

20  immunized from suit, regardless of their alleged discriminatory or retaliatory intent.

21  The scope of immunized activity in *Ent* involved the actions of academy staff that,

ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY
JUDGMENT ~ 15

though potentially negligent, were well within the scope of the Commission's activity. 174 Wash. App. at 622. Here, however, it remains unclear whether the misconduct Plaintiff alleges could be considered part of the Commission's curriculum necessary for implementing its training programs. The Court further finds that Mr. Cruz has shown that he requires an opportunity to obtain additional information, such as the extent to which Defendants departed from official training and dismissal procedures. ECF No. 30 at 3. The Court finds that these facts are especially relevant to the scope of the immunized activity in this case.

Therefore, the Court denies with leave to renew Defendants' Motion for Partial Summary Judgment, after discovery is conducted in this matter. *See* Fed. R. Civ. P. 56(d).

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion for Partial Summary Judgment, **ECF No. 21** is **DENIED** with leave to renew as indicated above.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** October 8, 2021.

                                   *s/ Rosanna Malouf Peterson*
                                   ROSANNA MALOUF PETERSON
                                       United States District Judge