FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 10, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN J. CRUZ,<br><br>        Plaintiff,<br><br>  v.<br><br>FERRY COUNTY; the CITY OF REPUBLIC, a municipal corporation; RAY MAYCUMBER, Ferry County Sheriff; AMY ROOKER, Ferry County Chief Civil Deputy; AUSTIN HERSHAW, Police Officer at the Black Diamond Police Department; PATRICK RAINER, Detective at the Ferry County Sheriff's Office,<br><br>        Defendants. | No. 2:20-CV-00250-RLP<br><br>ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT |

BEFORE THE COURT, without oral argument, are Defendants Ferry County, Ray Maycumber, Amy Rooker, Austin Hershaw and Patrick Ranier's (collectively Ferry County Defendants) Motion for Summary Judgment, ECF No. 62, and Defendant the City of Republic's Motion for Summary Judgment, ECF No. 67. Despite being granted an extension to file a response, ECF No. 74, Plaintiff

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT * 1

John J. Cruz failed to file any responsive pleadings to Defendants' Motions. For the reasons set out below, Defendants' motions for summary judgment are granted.

## BACKGROUND

Mr. Cruz filed this lawsuit on April 10, 2020.[1] ECF No. 1 at 2. From September 1, 2016 until June 23, 2017, Mr. Cruz was a police officer with the Republic Police Department (RPD). ECF No. 2-6, ¶2.2. In his Complaint, Mr. Cruz alleges RPD officers and Ferry County Sheriff's Office (FCSO) deputies directed racist jokes and comments at him.[2] *Id.*, ¶2.4. Mr. Cruz alleges that in 2017, FCSO Deputy Austin Hershaw and Detective Patrick Rainer directed Officer Art Dollard and Assistant Commander John Everly at the CJTC Basic Law Enforcement Academy (the Academy) in Spokane to retaliate against him for his reporting of misconduct by Deputy Hershaw. *Id.*, ¶¶2.13-2.20. Mr. Cruz claims he was dismissed from the Academy as a result of this retaliation. *Id.*, ¶¶2.45.

Officer Dollard and Assistant Commander Everly deny Deputy Hershaw or Detective Rainer ever directed them to mistreat Mr. Cruz. ECF Nos. 62, ¶3; 63, ¶ 3. The record shows the Academy dismissed Mr. Cruz for making untruthful

---

[1] Mr. Cruz initially filed this case in King County Superior Court. ECF No. 1 at 2. Ferry County Defendants removed the case to the United States District Court for the Western District of Washington on May 14, 2020. ECF No. 1. The Western District of Washington later granted a motion to change venue to this Court. ECF Nos. 12; 13.
[2] Mr. Cruz identifies as Hispanic. ECF No. 2-6, ¶2.3.

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT * 2

1  statements to Academy officers investigating allegations of misconduct by Mr.

2  Cruz. ECF No. 66-13.

3      Republic then placed Mr. Cruz on administrative leave as the RPD Chief of

4  Police investigated his allegations of retaliation and unsuccessfully appealed his

5  dismissal from the Academy. ECF No. 2-6, ¶¶2.66-2.76; ECF No. 68, ¶¶3-5. After

6  the Academy denied the appeal, Republic terminated his employment for his

7  failure to complete the Academy. ECF Nos. 2-6, ¶2.78; 66-18.

8      Mr. Cruz then sought work at the Northeast Washington Alliance

9  Counseling Services (NEWACS). *Id*., ¶2.79. According to Mr. Cruz, Ferry County

10 Sheriff Ray Maycumber contacted NEWACS and made negative comments about

11 him, causing him to be terminated by NEWACS at the end of his six-month

12 probationary period. *Id*., ¶¶ 2.80-2.89. Ferry County Defendants have produced

13 evidence that NEWACS' director learned of Mr. Cruz's dismissal from the

14 Academy for dishonesty through a public records request made immediately prior

15 to his termination. ECF Nos. 66-19, 66-20.

16     Mr. Cruz's Complaint further alleges Sheriff Maycumber and Deputy Amy

17 Rooker spread rumors about him to local schools and parents. *Id*., ¶2.91.

18                            ANALYSIS

19     Summary judgment will be granted if the moving party "shows that there is

20 no genuine dispute as to any material fact and the movant is entitled to judgment as

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY
JUDGMENT * 3

a matter of law." FRCP 56(a). In ruling on a motion for summary judgment, the Court views the evidence and inferences therefrom "in the light most favorable to the adverse party". *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008) (quoting *Jones v. Halekulani Hotel, Inc.*, 557 F.2d 1308, 1310 (9th Cir. 1977)). A moving party who does not bear the burden of persuasion at trial can succeed on summary judgment either by producing evidence that negates an essential element of the non-moving party's claim or defense, or by showing that the non-moving party does not have enough evidence to prove an essential element. *Nissan Fire & Marine Ins. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

Defendants' motions for summary judgment are unopposed. A district court may not grant a motion for summary judgment solely because the opposing party has failed to file an opposition. *Cristobal v. Siegel,* 26 F.3d 1488, 1494-95, n.4 (9th Cir. 1994). However, the Court may grant an unopposed motion for summary judgment if the movant's papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact. *See Carmen v. San Francisco Unified School District*, 237 F.3d 1026, 1029 (9th Cir. 2001); *see also North American Specialty Insurance Company v. Royal Surplus Lines Insurance Company*, 541 F.3d 552, 558 (5th Cir. 2008) (if no factual showing is made in

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT * 4

opposition to a motion for summary judgment, the district court is not required to search the record *sua sponte* for a triable issue of fact).

Mr. Cruz alleges several causes of action based on the foregoing events: (1) violation of his substantive and procedural due process rights under the Fourteenth Amendment of the U.S. Constitution pursuant to 42 U.S.C. § 1983, (2) racial discrimination in violation of Washington's Law Against Discrimination (WLAD), (3) whistleblower retaliation in violation of RCW 42.41.040(1), WLAD, and pursuant to the Washington tort of wrongful discharge in violation of public policy, (4) intentional interference with business relationships, (5) defamation, and (6) intentional and negligent infliction of emotional distress. Each is addressed in turn.

*1. Section 1983 Claims*

Mr. Cruz advances 42 U.S.C. § 1983 claims for the violation of his constitutional rights under the Fourteenth Amendment. He alleges his termination by Republic violated his property interest in continued employment and was arbitrary and unreasonable. He also alleges his termination lacked adequate process. He further contends Sheriff Maycumber, Deputy Rooker, Deputy Hershaw, and Detective Rainer, and by extension Ferry County as their employer, violated his liberty interest in the preservation of his reputation by telling the Academy he was a liar and spreading rumors in the community.

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT * 5

Defendants deny violating Mr. Cruz's rights, and the individual Ferry County Defendants assert qualified immunity.

42 U.S.C. § 1983 provides a statutory cause of action for violations of the U.S. constitution and laws. To establish a claim under this statute, a plaintiff must prove (1) the conduct complained of was committed by a person acting under color state law and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662 (1986). Liability under § 1983 turns on a government official's individual conduct, not the conduct of others. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S. Ct. 1937 (2009).

To establish a Fourteenth Amendment substantive due process claim, a plaintiff must demonstrate a government deprivation of life, liberty, or property. *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998). "Mere injury to reputation, even if defamatory, does not constitute the deprivation of a liberty interest." *Connecticut Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 1-2, 123 S. Ct. 1160 (2003). No Supreme Court or Ninth Circuit case has held that substantive due process protects the right to a particular public employment position. *See Engquist v. Oregon Dep't of Agric.*, 478 F.3d 985, 996-97 (9th Cir. 2007).

Meanwhile, a procedural due process claim has two elements. First, the

court "asks whether there exists a liberty or property interest which has been interfered with by the State." *Vasquez v. Rackauckas*, 734 F.3d 1025, 1042 (9th Cir. 2013). Second, the court "examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Id*. At its core, the constitutional requirement of due process requires "some kind of notice and . . . some kind of hearing*.*" *Goss v. Lopez*, 419 U.S. 565, 579, 95 S. Ct. 729 (1975).

Qualified immunity protects a government official from suit for conduct that "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727 (1982). A municipality may only be liable under § 1983 for its own illegal acts, and is not vicariously liable for its employees' actions. *Connick v. Thompson*, 563 U.S. 51, 60, 131 S. Ct. 1350 (2011).

The individual Ferry County Defendants are entitled to qualified immunity and thus summary judgment. There is no clearly established law that Mr. Cruz's allegations, if true, would amount to a deprivation of a liberty interest in reputation, or property interest in continued employment, protected by substantive due process under the Fourteenth Amendment. As Ferry County itself cannot be vicariously liable under § 1983 for the acts of its employees, it too is entitled to summary judgment.

Likewise, Republic did not violate Mr. Cruz's substantive due process rights

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT * 7

as these rights did not protect a right to a particular public employment position. As for procedural due process, Republic has demonstrated its termination satisfied the constitutional requirements of due process. Republic provided Mr. Cruz plenty of notice that he would be terminated for failure to complete the Academy, and opportunity to contest the Academy's dismissal. As Mr. Cruz does not demonstrate entitlement to additional process, summary judgment in Republic's favor is appropriate.

*2. Racial Discrimination*

     Mr. Cruz asserts claims against Defendants for employment discrimination under WLAD, alleging FCSO deputies engaged in severe and pervasive racist conduct against him, including their communications to the Academy which he alleges were racially motivated. He further argues that Republic negligently aided and abetted this discrimination by terminating him. Ferry County Defendants argue that they cannot be liable for employment discrimination under WLAD, as they did not employ Mr. Cruz. Republic asserts Mr. Cruz lacks evidence his race was a factor in his termination.

     WLAD prohibits employers from terminating or discriminating in the conditions of employment on the basis of race. RCW 49.60.180. As Ferry County Defendants did not employ Mr. Cruz, they cannot be liable under WLAD. Moreover, Mr. Cruz's failure to respond to this motion means no evidence has

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT * 8

been produced showing that RPD or FCSO deputies engaged in discriminatory conduct, or that Republic's decision to terminate Mr. Cruz was racially motivated. Defendants are therefore entitled to summary judgment on Mr. Cruz's WLAD claims for racial discrimination.

*3. Whistleblower Retaliation*

Mr. Cruz asserts whistleblower retaliation claims against Defendants under RCW 42.41.040(1), WLAD, and under the Washington tort of wrongful discharge in violation of public policy. Mr. Cruz's theory of liability for all these claims is the same – that Deputy Hershaw and Detective Rainier retaliated against him for reporting Deputy Hershaw's misconduct by directing the Academy to mistreat him, ultimately resulting in his dismissal from the Academy and termination by Republic. Defendants deny the factual basis for these allegations, and Ferry County Defendants again assert they cannot be liable for retaliatory termination as they did not employ Mr. Cruz.

As with Mr. Cruz's previous WLAD claim, the fact Ferry County Defendants did not employ him means they cannot be liable for retaliatory termination. Moreover, Mr. Cruz has failed to produce evidence Deputy Hershaw or Detective Rainer directed the Academy to mistreat him. To the contrary, the Academy officers identified by Mr. Cruz as receiving these directions deny it occurred. ECF Nos. 64, 65. Mr. Cruz's theory of retaliation falls apart without

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT * 9

proof of these communications. In the absence of evidence to support Mr. Cruz's claims, Defendants are entitled to summary judgment.

*4. Intentional Interference with Business Relationships & Defamation*

Mr. Cruz alleges Ferry County Defendants interfered with his employment at RPD and NEWACS by directing the Academy to mistreat him and by making disparaging comments about him to NEWACS and local schools and parents. He further asserts these statements constitute defamation. Ferry County Defendants deny the factual basis for these allegations.

As stated above, Mr. Cruz presents no evidence Deputy Hershaw or Detective Rainer ever directed the Academy to mistreat him. Likewise, there is no evidence Ferry County Defendants ever made disparaging comments about him to NEWACS, or local schools and parents. Ferry County Defendants are entitled to summary judgment on Mr. Cruz's claims for intentional interference with business relationships and defamation.

*5. Intentional and Negligent Infliction of Emotional Distress*

Finally, Mr. Cruz asserts claims for intentional or negligent infliction of emotional distress based on his termination by Republic, and Ferry County Defendants' interference with his employment. Republic denies Mr. Cruz's termination constituted an outrage, and Ferry County Defendants deny the factual basis for his claims against them.

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT * 10

Under Washington law, a claim of intentional infliction of emotional distress requires proof of three elements: "(1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) actual result to the plaintiff of severe emotional distress." *Repin v. State*, 198 Wn. App. 243, 265, 392 P.3d 1174 (2017). "Liability exists only when the conduct has been so outrageous in character and extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community." *Id*. at 266. Courts act as gatekeepers to determine whether the defendant's conduct, together with the plaintiff's mental distress, rise to a level necessary to make out a *prima facie* case. *Id*.

"A plaintiff may recover for negligent infliction of emotional distress if she proves negligence, that is, duty, breach of the standard of care, proximate cause, and damage, and proves the additional requirement of objective symptomatology." *Strong v. Terrell*, 147 Wn. App. 376, 387, 195 P.3d 977 (2008). Routine discharge by an employer does not give rise to a cause of action for negligent infliction of emotional distress. *See Snyder v. Med. Serv. Corp. of E. Washington*, 145 Wn.2d 233, 244, 35 P.3d 1158 (2001).

Mr. Cruz has produced no evidence demonstrating Republic terminated Mr. Cruz for any other reason than his failure to complete the Academy. Termination for failure to graduate from a law enforcement training program is not the type of

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT * 11

extreme conduct contemplated for IIED liability. Nor does such a routine discharge give rise to a negligent infliction of emotional distress claim.

Likewise, there is no evidence Ferry County Defendants directed the Academy to mistreat and terminate him, and no evidence Ferry County Defendants made negative statements about him to NEWACS or to local schools and parents.

For the foregoing reasons, Defendants are entitled to summary judgment on Mr. Cruz's intentional and negligent infliction of emotional distress claims.

Accordingly**, IT IS HEREBY ORDERED:**

1. Ferry County Defendants' Motion for Summary Judgment, **ECF No. 62**, is **GRANTED**.

2. The City of Republic's Motion for Summary Judgment, **ECF No. 67**, is **GRANTED**.

The Clerk of this court shall enter this Order and judgment in favor of Defendants, forward copies to the parties, and close this file.

DATED April 10, 2025.



REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT * 12